RAMÍREZ, PLAINTIFF AND APPELLEE, v. PÉREZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.

MOTION by Plaintiff-Appellee for Dismissal of the Appeal.

No. 1672.—Decided May 12, 1917.

UNLAWFUL DETAINER — APPEAL — JURISDICTION — APPEAL BOND. — The time prescribed by law for appealing from a judgment in an action of unlawful detainer having expired, the trial court is without jurisdiction to fix the amount of and approve the bond which the law requires for taking an appeal in such cases. Section 140 of the Code of Civil Procedure does not authorize a court to change jurisdictional periods.

ID.—ID.—NOTICE OF JUDGMENT.—Section 2 of Act No. 70 of 1911 is not applicable to actions of unlawful detainer, for the said section, in providing for the manner of giving notice of the judgment, limits the same to cases in which appeals may be taken according to section 295 of the Code of Civil Procedure; and final judgments in cases of unlawful detainer, from which appeals must be taken within five days from the date of the judgment under the special act governing such actions, are not included in the said section.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for the appellant.

*Messrs. Feliú & Alcmañy* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On March 30, 1917, the District Court of Mayagüez rendered judgment in an action of unlawful detainer brought by Diego E. Ramírez against Antonia Pérez. The complaint was sustained and it seems that the defendant was notified of the judgment on April 2, 1917. On April 7 the said defendant appealed from the judgment to this court, stating in her notice of appeal that "it is accompanied by the corresponding security for the purposes of this appeal." The bond was not included as stated, but on the same day, April 7, the defendant moved the court to fix the amount of the

security "so that it may be executed in form." On April 9 the court set the hearing on the motion for the 10th. The plaintiff appeared on that day but the defendant did not and on motion of the plaintiff the hearing was adjourned to April 13. On the 13th both parties appeared and the plaintiff opposed the defendant's motion because the time for furnishing the bond had expired. The court overruled the plaintiff's objection, fixed the amount of the bond at $100 and allowed the defendant three days within which to furnish it. The bond was furnished within the said period. This is an action of unlawful detainer against a tenant at sufferance.

The facts here set out appear from certain certificates issued by the secretary of the District Court of Mayagüez accompanied by a motion by plaintiff in the said action of unlawful detainer to this court for dismissal of the appeal taken by the defendant, and by another motion by the latter opposing the motion of the plaintiff.

Did the district court act within its jurisdiction in setting the hearing on the motion of the defendant-appellant to fix the amount of the bond for April 9, and in allowing the said party on April 10 a period of three days for filing the same?

The plaintiff contends that it did not and on that ground moves that the appeal be dismissed because the bond was not filed within the time prescribed by law. The defendant maintains that the district court made proper use of its discretional power in such cases.

In our opinion the plaintiff is right. Section 12 of the Unlawful Detainer Act of 1905 (Comp. of 1911, sec. 1636) conclusively provides:

"Whenever the action of unlawful detainer is founded upon the non-payment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an

undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

The security in this case should have been furnished within the time allowed by law for taking an appeal; that is, within "a period of five days after the date of the judgment," as provided by section 11 of the said Act of Unlawful Detainer. Assuming that the time should not be computed from March 30, the date on which the judgment was rendered and entered, but from April 2, which the plaintiff admits was the date on which the defendant was notified, it results that the period of five days expired on April 7, the day on which the appellant simply moved the court to fix the amount of the bond "so that it may be executed in form." The legal period had expired when the court set a day for the hearing on the appellant's motion and, consequently, also when it granted an extension of three days and when it finally approved the bond.

Construing said sections 11 and 12 of the Unlawful Detainer Act in the case of *Figueroa et al.* v. *Sepúlveda,* 24 P. R. R. 645, this court said:

"The law is clear and requires no interpretation.

"Appeals in actions of unlawful detainer must be taken within five days from the date of the judgment, and in a case like the present, in which the action is based upon the expiration of the term of the lease, an undertaking to answer for damages and the costs of the appeal is an indispensable requisite to the right of appeal and must be filed within the time allowed for taking such appeal.

"The appeal was taken within the statutory period of five days, but it is inoperative because the undertaking was not filed within that period to the satisfaction of the court; for the original bond, which was filed within the legal period, was declared null and void and the second bond was filed after the expiration of the time allowed.

"The municipal court exceeded its jurisdiction in rendering its decision of October 4, 1916, annulling the bond and allowing the

defendant five days from said date to furnish a good undertaking in the sum of two hundred dollars. Permitting the filing of such new undertaking was tantamount to allowing the appeal to be perfected after the expiration of the period prescribed by the Unlawful Detainer Act and in manifest violation thereof.''

See also cases of *Valladares* v. *Municipal Court,* 16 P. R. R. 139, and *Silva* v. *Aboy, Giorgetti & Co., Ltd.,* 20 P. R. R. 71, cited by the appellee.

But there is still a stronger reason for dismissing the appeal. The appellee computes the period from April 2 when, according to him, notice of judgment was given, and not from March 30, the day on which the judgment was rendered and entered. The reason is that the appellee acted in the belief that section 2 of Act No. 70 of 1911 is applicable to actions of unlawful detainer, when this is not really the case.

Section 11 of the Unlawful Detainer Act of 1905 reads:

''Appeals should be taken within a period of five days after the date of the judgment.''

Section 2 of Act No. 70 of 1911 provides that—

''In all cases in which an appeal may be taken as provided in section 295 of the Code of Civil Procedure, as amended March 11, 1908, it shall be the duty of the secretary of the court to mail a written notice to the losing party or his attorney when the judgment from which the appeal may be taken is rendered, notifying him of the rendition of the judgment or the action of the court, and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.''

And section 295 of the Code of Civil Procedure, as amended in 1905 and 1908, provides that—

''An appeal may be taken to the Supreme Court from a district court:

''1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

"2. From a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed three hundred dollars.

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

In establishing the system of notification of judgments the Act of 1911 limited it to cases in which appeals may be taken under the provisions of section 295 of the Code of Civil Procedure. Final judgments in cases of unlawful detainer are not included in section 295. That section provides for three periods of thirty, fifteen and ten days. The period prescribed by the Unlawful Detainer Act is five days. The Unlawful Detainer Act is a special act and, as may be seen from section 14 thereof, when the legislature desired to complement it with the Code of Civil Procedure it did so expressly. After fixing in section 11 a period of five days, counting from the date of the judgment, within which to take an appeal, it provided in section 12 that the right of appeal should be denied unless the amount due be deposited in some cases and an undertaking furnished in others, all within the said period of five days; it defined in section 13 the duties of the secretaries and stenographers after the appeal has been taken, and prescribed in section 14 that "The appeals shall be heard and determined in accordance with the Code of Civil Procedure, and in no case shall more copies be required than those expressly provided for in said code; *Provided,* That precedence may be given in the hearing and determination of such appeals."

As we cannot conclude that section 11 of the Unlawful

Detainer Act was repealed or modified by section 2 of Act No. 70 of 1911, it should be applied in its entirety, and it should be held that when on April 7, 1917, the defendant in the action of unlawful detainer filed her appeal from the judgment rendered and entered on March 30, 1917, the period of five days prescribed by law had expired and, therefore, that the appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.